CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JUL 2 0 2006

JOHN F CORCORAN, CLERK
BY: K Dotson
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 5:06cr00017 |
| v. | **REPORT AND RECOMMENDATION** |
| STEVEN ALLEN DURHAM, | By: Hon. James G. Welsh |
| Defendant | U.S. Magistrate Judge |

The Grand Jury previously returned a two-count Indictment charging this defendant, an individual who had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, with the knowing and unlawful possession of a firearm, to wit: one Sturm Ruger .44 caliber revolver, serial no. 83-28841, and ammunition, on or about February 6, 2006, in violation of Title 18, United States Code, Section 922(g)(1) and with the unlawful, felonious, and knowing receipt and possession of a stolen firearm, to wit: the same said firearm and ammunition, on or about the same said date, in violation of Title 18, United States Code, Section 922(j). He was previously arraigned and entered pleas of Not Guilty to each of the charges. The defendant having now indicated an intent to change his plea to one of the Indictment counts, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

The plea hearing was conducted before the undersigned on July 19, 2006. The defendant was, at all times, present in person and with his counsel, Aaron Graves. The United States was represented by Anthony Giorno, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g).

With the defendant's informed and written consent, the undersigned made the following Rule 11 inquiry. The Government proffered its evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to Count One of the Indictment.

### A.   DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury, and he stated that he understood the Government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified as follows: his full legal name is Steven Allen Durham; he was born in 1965; he completed high school and two additional years of schooling; he can read, write and understand English without difficulty; he has no medical condition (either physical or mental) which he believes might impair his ability to understand and to participate fully in the proceeding; he is using no medication or drugs which he believes might impair his ability to understand and to participate fully in the proceeding; he is not under the influence of any alcohol or medicine or drug of any sort; his mind is clear; and he knew that he is in court for the purpose of entering a plea of guilty which he could not later withdraw. His attorney represented to the court that he had no reservations about the defendant's competency to enter a plea of guilty.

After confirming that he had received a copy of the Indictment, the defendant testified that he fully understood both charges in the Indictment, that he had discussed them with his attorney, that he had been given ample time to do so, that he had similarly had sufficient time to discuss any defenses he might have to any of the charges, and that he understood each charge was a felony. *See* Rule 11(b)(1)(G). He testified that he had been given adequate time to prepare any defenses he might have

2

to the charges contained in the Indictment and was fully satisfied with the services of his attorney. He stated that he had consulted with his attorney, that it was his intention change his prior plea, that he now desired to enter a plea of guilty to one of the charges, and that he wished the court to accept his proposed change of plea to Count One of the Indictment.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

The attorney for the government informed the court that the defendant's proposed change of plea was to be made pursuant to a written plea agreement. The Government's understanding of the plea agreement was then stated in some detail, including *inter alia* the defendant's agreement to plead guilty to Count One of the Indictment (paragraph 1.), his recognition of the constitutional rights he was waiving by voluntarily pleading guilty (paragraph 1.), his acknowledgment that the matter of sentencing was within the sole discretion of the court (paragraph 1.), the government's intention to move for the dismissal of Count Two at the time of sentencing (paragraph 2.), his acknowledgment of the applicable sentencing guideline section and the applicability of a two level addition pursuant to Guideline Section 2K2.1(b)(4) (paragraph 3.), the scope of the government's obligation to recommend a two level reduction in offense level pursuant to Guideline Section 3E1.1(a) (paragraph 4), the defendant's obligation to pay a mandatory $100.00 special assessment (paragraph 5.), his express waiver of the right to appeal any sentence on any ground and waiver of his right to make any 28 U.S.C. § 2255 attack on the judgment of conviction or any part of the sentence (paragraph 6.) (*See* Rule 11(b)(1)(N)), and the substance of the terms set forth in paragraphs 7 through 15 of the plea

3

agreement. In summarizing these terms of the plea agreement, counsel for the government called particular attention to the very restricted "completion of prosecution" provision in the plea agreement (paragraph 11.) which limits the government only to the extent of a future prosecution for matters about which the government gained specific knowledge during its pre-indictment investigation.

Defense counsel then confirmed the same to be his understanding. After which, the defendant was again addressed in open court and stated that his understanding of the plea agreement was the same as that set forth by the government's attorney. The defendant and his counsel separately represented that they had reviewed each of the pleas agreement terms, and each represented that the defendant understood all of the terms. After looking at his signature on the plea agreement, the defendant acknowledged his signature under oath.

Upon further inquiry, the defendant testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty in this case and that no one had attempted in any way to force him to plead guilty. After the undersigned noted for the record that the written Plea Agreement constitutes the best statement of its terms, and as such it "speaks for itself," the written and executed agreement was filed and made a part of the record.

The defendant then testified that he knew and understood that he was proposing to enter a plea of guilty to Count One of the Indictment charging him with the possession of a firearm and ammunition on or about February 6, 2006, after having been convicted of a crime punishable by imprisonment for a period in excess of one year, in violation of 18 U.S.C. §§ 922(g)(1).

After the attorney for the government informed the defendant of the maximum penalty for this offense, the defendant expressly acknowledged that he knew the maximum statutory penalty for the

offense charged in Count One was incarceration for ten years, a maximum fine of $25,000.00, and a period of supervised release. *See* Rule 11(b)(1)(H). In addition, he acknowledged that at sentencing the court would impose, and he would be obligated to pay, a mandatory $100.00 assessment. *See* Rule 11(b)(1)(L).

The defendant testified that he knew he was proposing to plead guilty to a felony offense. He knew and understood that his plea, if accepted, would result in him being adjudged guilty of the offense and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant stated that he had discussed with his attorney how the Sentencing Commission Guidelines might apply in his case. He expressly acknowledged his awareness of the fact that the Guidelines were no longer mandatory, but would be applied by the court in an advisory fashion to determine a reasonable sentence. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006). He stated that he knew it was within the court's discretion not to apply the advice of the Guidelines and to impose a sentence either higher or lower than called-for in the Guidelines, so long as the sentence was not greater than the statutory maximum for the offense. *See* Rule 11(b)(1)(M)

The defendant testified that he understood the court would not be able to determine the recommended Guideline sentence for his case until after the presentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer. He acknowledged that he understood, irrespective of any sentence imposed by the court, he would have no right to withdraw his plea of guilty. He expressly acknowledged his understanding that the court's determination of his sentence would include consideration of multiple factors,

5

including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution. In addition, he represented that he understood that he was consenting to the forfeiture of any previously seized firearms or contraband (paragraph 8 of plea agreement).

The defendant testified that he knew, by pleading guilty to Count One and by entering into a stipulation that he knew the gun was stolen, he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in Count One and those related to sentencing. He expressly acknowledged that, pursuant to the plea agreement, he was waiving his right to appeal his conviction, waiving his right to appeal any Guideline sentencing issues, waiving his right to appeal any sentence of the court, and waiving his right to challenge his conviction and/or sentence in any post-conviction proceeding.

Each of defendant's procedural rights surrendered on a plea of guilty was also explained, including: his right to persist in his previous pleas of not guilty to the offenses charged against him; his right to a speedy trial; his right to a trial by jury; his right to be represented and to have the assistance of counsel at a trial; his right at trial to see, to hear, to confront and to have cross-examined all adverse witnesses; his right to be protected from compelled self-incrimination; his right to testify and to present evidence in his defense; his right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in his defense; his presumption of innocence; the

obligation of the government to prove his guilt beyond a reasonable doubt; the right on his part to decline to testify unless he voluntarily elected to do so in his own defense; and his right to have a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to persist in his plea of not guilty and the attendant rights that he knew he was giving-up by entering a guilty plea. *See* Rule 11(b)(!)(F).

He testified that he understood he would have no right to withdraw his plea, and would still be bound by his plea, even if the court's sentence is more severe than he expects or if the court does not accept the Government's sentencing recommendation.

The defendant stated that he knew his entry of a plea of guilty would mean that there would be no trial. He stated that he knew there would be only one more hearing, where the presiding district judge would determine whether there was a factual basis for the plea and what sentence to impose. The defendant was informed and acknowledged that parole had been abolished. He stated that he knew he would not be released on parole in connection with any term of imprisonment imposed by the court. He further stated that he was aware and understood any sentence to a period of imprisonment would also include a term of post-incarceration "supervised release" lasting for approximately three years. In addition, he stated that he knew any violation of the terms and conditions of supervised release could result in his being returned to prison for an additional period of time.

The defendant expressly acknowledged that the entry of a plea of guilty to Count One was an admission of all of the elements of a formal criminal charge, and without equivocation he testified that he was pleading guilty because he was in fact guilty of the crime charged in Count One of the Indictment.

7

Case 5:06-cr-00017-GEC    Document 24    Filed 07/19/06    Page 7 of 11    Pageid#: 47

To permit the court to determine that an independent factual basis existed both for the proposed plea and for drug weight stipulation, counsel for the government summarized the facts which the government was prepared to prove at trial. The defendant, both by counsel and individually, then confirmed the accuracy all essential parts of the government's proffer. And in response to a further inquiry, the defendant testified that he had heard and understood all parts of the proceeding and that he still wished to plead guilty.

After consultation with his attorney, the defendant waived a reading of Count One of the Indictment and entered a plea of GUILTY to said Count One alleging his violation of Title 18, United States Code, Section 922(g)(1). The defendant then executed the requisite form, and it was filed and made a part of the record.

In response to further questioning for the purpose of ensuring that his proposed plea was voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) his plea did not result from any force, threats, or promises of any kind (*see* Rule 11(b)(2), that his decision to plead guilty was in all respects voluntary on his part, and that it was being made with the advice and assistance of counsel.

After entering his plea as aforesaid, after an independent basis for his plea had been established and after being informed that the undersigned would recommend acceptance of his plea, the defendant reconfirmed that no one had forced him either to enter into the plea agreement or to plead guilty. He further reconfirmed that, other than the express terms of the pleas agreement, no one had made him an promises of leniency or light sentence in order to induce him to pleas guilty. He stated that he was fully satisfied with the services of his attorney.

8

The defendant was then remanded to the custody of the United States Marshal, pending completion of a presentence report.

**B. GOVERNMENT'S EVIDENCE**

To permit the court to determine that an independent factual basis existed for the defendant's proposed plea of guilty to Count One of the Indictment and for the defendant's agreement to a 2-level addition the his base offense level pursuant to Guideline Section 2K2.1(b)(4), the government, by its attorney, proffered the following facts.

On February 6, 2006 the defendant's former wife went to the Elkton Police department with a carrying case containing one Sturm Ruger .44 caliber revolver, serial no. 83-28841, and six rounds of ammunition. She stated that the carrying case and its contents had been retrieved from the defendant who had stayed the previous night at her home. She stated that the defendant had told her that he was holding the gun for sale on behalf of another person, and she told the police that she knew that the defendant was a convicted felon and could not possess a firearm. On investigation, agents of the Bureau of Alcohol, Tobacco & Firearms ("ATF") determined that the defendant had multiple prior felony convictions, that his right to possess a firearm had not been restored by any court, that on testing the firearm was determined to be functional, that the firearm had been stolen from a vehicle in Rockingham County, Virginia, during the month of January 2006, and that the firearm had been manufactured outside of Virginia, and, therefore, had previously moved in interstate commerce. During the investigation, ATF agents contacted the defendant, and after fully advising him of his rights, the defendant agreed to be interviewed. During the interview, the defendant admitted that he was a convicted felon, that he knew it was illegal for him to possess a firearm, and that had been told

9

by an individual he knew as "Jaybird" that the firearm had been stolen in the McGahehysville area of Rockingham County, Virginia, in January 2006.

## C. FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable or entering an informed plea;

2. The defendant is fully aware of the nature of the charges and the consequences of his change of plea;

3. The defendant is fully informed, and he understands, each of the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. Before entering his plea, the defendant and the government reached a plea agreement which was reduced to writing;

5. Defendant's entry into the written plea agreement (including the stipulation to a 2-level increase in the base offense level pursuant to Guidelines Section 2K2.1(b)(4)) and his tender of a plea of guilty to Count One were both made with the advice and assistance of counsel;

6. The defendant's entry of a plea of guilty to Count One was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

7. The defendant's plea of guilty is fully voluntary and did not result from any force, threats, or promises other the one promise contained in the plea agreement;

8. The plea agreement complies with the requirements of Rule 11(c)(1);

9. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant is pleading guilty; and

10. The evidence presents an independent basis in fact for application of the two-level increase in the defendants base offense level pursuant to Guideline Section 2K2.1(b)(4).

## D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept defendant's plea of guilty to Count One of the Indictment, that the defendant be adjudged guilty of that offense, and that a sentencing hearing be scheduled by the presiding District Judge on October 3rd 2006 at 10:00 A.M.

## E. NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding District Judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: 19th day of July 2006.

United States Magistrate Judge